EDWARD V. DIGNOWITY ET AL. V. MOSES BAUMBLATT.

Decided February 23, 1905.

**1.—Deed of Trust—Rural and Urban Homesteads—Question for Jury.**

Where the action was trespass to try title to two tracts of land situated in an unincorporated town, and on which a deed of trust was held by defendant, the questions whether both constituted an urban homestead, or whether one alone was a rural homestead, rendering the deed of trust valid as to the other, were issues for the jury, and it was error for the court to instruct a verdict for defendant.

**2.—Same—Same—Temporary Abandonment.**

If one tract was rural, and the homestead was established thereon, or if both tracts were urban, and were being used as a homestead at the time the deed of trust was given, no temporary abandonment could affect the homestead right.

**3.—Same—Same—Abandonment.**

If one tract was rural, and the deed of trust was executed after the maker moved therefrom with intent to abandon it, and before any homestead rights were acquired in the urban lot, then both tracts would be subject to the lien created by the deed of trust.

**4.—Same—Same—Same.**

If, at the time the deed of trust was executed, one tract constituted the rural homestead, but was afterwards abandoned and the other made the urban homestead, the latter would be bound by the deed of trust and the former exempt.

**5.—Estates of Decedents—Homestead—Orders of Court—Collateral Attack.**

Where a tract was homestead at the time a deed of trust was given thereon, and not subject to the lien thus created, but afterwards lost its homestead character and became part of the assets of the estate, orders of the County Court in probating claims, and for sale of the land, could not be attacked in a collateral proceeding.

**6.—Same—Administration of Homestead.**

The homestead is not subject to administration by the Probate Court.

Error from the District Court of Val Verde. Tried below before Hon. B. C. Thomas.

*J. D. Guinn* and *A. G. McNeill,* for plaintiff in error.—1. The court erred in holding as a matter of law that the ancestors and plaintiffs acquired no homestead rights superior to the trust deed, and that there was not sufficient testimony on that point to authorize the submitting of that issue to the jury. Art. 16, sec. 50, State Constitution; Ragland v. Rodgers, 42 Texas, 422; Galager v. Kellar, 23 S. W. Rep., 296; Kaufman v. Ruhl, 65 Texas, 723; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1; Cameron v. Gebart, 85 Texas, 614; Iken v. Olinick, 42 Texas, 197.

2. The time of appropriating land to homestead uses with intention to make it part of the homestead (and not when the party makes up his mind to build) is the time homestead rights accrue. Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 1; Cameron v. Gebart, 85 Texas, 614; Speer on Law of Married Women, sec. 247; Foley v. Holtkampt, 66 S. W. Rep., 891; Gardner v. Douglas, 64 Texas, 76,

The court erred in holding that the homestead was assets in the hands of the executor and that the attempted sale by him was regular and conveyed the title to the lands in controversy, when in fact the Probate Court had no power or jurisdiction to order the sale of the homestead. Mealey v. Arnist, 2 S. W. Rep., 74; Hamlin v. Wernecke, 31 Texas, 91; Freeman v. Hamlin, 91 S. W. Rep., 1019.

*Walter Gillis,* for defendant in error.—The County or Probate Court being a court of general jurisdiction, orders regularly made by it in the course of an administration upon an estate of which it has jurisdiction, allowing claims, and establishing and foreclosing liens against the property of such estate, and ordering the same to be sold in satisfaction thereof, are final judgments, not subject to collateral attack by the heirs or distributees of the estate. Rev. Stats., arts. 2825, 2091, 2121, 2255, 2078, 2079, 2080, 2081, 2082, 2083; Withers v. Patterson, 27 Texas, 471; Cooper v. Laughlin, 75 Texas, 524; Williams v. Robinson, 63 Texas, 650; Moore v. Moore, 59 Texas, 54; Willis v. Smith, 65 Texas, 656; Mortgage Co. v. Jackman, 77 Texas, 622.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to two tracts of land, one being lot number 16, and the other a tract of 53¾ acres of land in the town of Del Rio, instituted by Edward V. Dignowity, Anthony P. Dignowity, John H. Dignowity and Florence Jane Dignowity, the latter being a minor and suing through her next friend, E. L. Dignowity. The district judge instructed the jury to return a verdict for appellee, which was accordingly done and judgment rendered thereon.

The two tracts were the separate estate of Mrs. Judith A. Dignowity, who was the wife of E. L. Dignowity, and the mother of the other plaintiffs. She died on June 30, 1893. On December 3, 1884, she and her husband executed a deed of trust on the two tracts of land, to Moses Baumblatt, as trustee to secure Goldfrank, Frank & Co., in the payment of a debt of $1,400. After her death her estate was administered, and the claim of Goldfrank, Frank & Co. was allowed by the administrator and approved by the Probate Court, and the land sold by order of the court to satisfy the claim and was bought in by defendant in error.

There was testimony tending to show that the 53¾ acres of land was in the town of Del Rio, which was unincorporated, and that E. L. Dignowity with his family was residing on it at the time that the deed of trust was executed. A. F. Dignowity swore that he was a surveyor and had made a map of Del Rio for an irrigation company in January, 1885, and further testified: "This map I consider as comprising the town of Del Rio and that the same extends, as shown by the map, to the Rio Grande River and up and down the same, as shown by the map. Del Rio is not incorporated and never was, and there is no map of the same other than this map. Property has always been sold by this map and the DeMontel map, as above stated, ever since 1871. There is no strictly official boundary line of the city of Del Rio, as it extends from time to time, except on the south and west parts where it fronts on the Rio Grande River; that portion of the boundary has always been the same. There are streets leading from the main or business part of the

city to the Rio Grande River, as shown on the map named, and all of which, as can be seen by reference to the same, are of the same width and some much traveled.   Another street connects each and all these three streets near the Rio Grande River, and is called "Rio Grande Street."   The map shows that the 53¾ acres of land is included in the land the witness described on the bank of the Rio Grande."   Edward L. Dignowity testified: "According to my knowledge, I was living on the 53¾ acre tract of land at the time the deed of trust to Goldfrank, Frank & Co., on said tract of lot 16, was executed by me. . . . Lot 16 was situated in the town of Del Rio at the time I signed the deed of trust and also considered that the 53¾ acre tract was situated in the town of Del Rio.   The town of Del Rio at that time had a population of about 1,500 or 2,000 people, including Mexicans."

If E. L. Dignowity and his family lived on the 53¾ acre tract of land, using it as a homestead at the time the deed of trust was executed, and it was not in the town, the deed of trust was void so far as that trust was concerned.   But if the 53¾ acre tract was in the town of Del Rio, and both it and lot 16 were being used for homestead purposes, then the deed of trust was utterly void as to both tracts of land.   If the homestead had been established on the 53¾ acre tract when the deed of trust was executed and it was a rural homestead, then no subsequent abandonment of it would give vitality to an instrument that was utterly invalid.   (Inge v. Cain, 65 Texas, 75; Hays v. Hays, 66 Texas, 606; Glasscock v. Stringer, 32 S. W. Rep., 920; Caywood v. Henderson, 44 S. W. Rep., 927; Letzerich v. Lidiak, 31 Texas Civ. App., 120.)

Whether the 53¾ acres of land, together with lot 16, constituted an urban homestead, or alone constituted a rural homestead, were questions of fact to be determined by a jury and the trial court erred in directing the jury to return a verdict for appellee.   As said in the case of Roberts v. Cawthon, 26 Texas Civ. App., 477, "It is well settled in this State that one can not have an urban and a rural homestead at the same time; and therefore if there is testimony tending to show that the plaintiffs' residence was in fact urban, the court erred in not submitting that issue to the jury.   Whether or not a given piece of property is rural or urban, is a question of fact to be determined upon a consideration of all the testimony, unless the undisputed evidence shows that it is one or the other.   (Wilder v. McConnell, 91 Texas, 600.)"

If it be determined from the evidence that the 53¾ acres of land was without the limits of Del Rio, and that lot 16 was within the limits of Del Rio, at the time the deed of trust was executed, and that the 53¾ acres of land was the homestead of E. L. Dignowity and family at that time, then the deed of trust was valid so far as the town lot was concerned and it could be properly subjected to the lien evidenced thereby.   If, however, the deed of trust was executed after E. L. Dignowity had moved from the 53¾ acre tract, with the intent to abandon it as a homestead, and the same was without the city limits, and before any homestead rights had been acquired in lot 16, then both tracts of land might be subject to the lien.   If, however, as above stated, both tracts of land were in the town of Del Rio and they

were being used as a homestead, no temporary ·abandonment would affect the homestead right, and neither of the tracts was subject to the lien. If at the time the deed of trust was executed, the 53¾' acre tract was the rural homestead of Dignowity and family, but he afterwards abandoned it and settled on lot 16, and made it his urban homestead, the latter tract would be subject to the lien of the deed of trust, and the 53¾ acre tract was not bound, but being a part of the estate of Mrs. Dignowity, on her death, became an asset of her estate and subject to legally established claims against her estate.

If the 53¾ acre tract was not subject to the lien of the deed of trust, but had, after the execution thereof, lost its homestead character and become a part of the assets of the estate of Mrs. Dignowity, and subject to a lien for all properly probated claims against her estate, the orders of the County Court in probating claims and for the sale of the land could not be attacked in a collateral proceeding, but would be binding upon the heirs of Mrs. Dignowity.

If the land in controversy was the homestead of appellant, it was not subject to administration and any attempt, on the part of the County Court, to subject it to administration was null and void. (Childers v. Henderson, 76 Texas, 664.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*