KIMMONS et al. v. ABRAHAM. (No. 5453.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬤⇒37 — NECESSITY OF ADMINISTRATION.

Under Rev. St. 1911, tit. 52, c. 17, and especially arts. 3413, 3422, treating of allowances for the support of widow and minor children and chapter 18, relating specifically to the setting apart to the widow and children of the homestead and other exempt property, where the record showed that there were such surviving members of the family as were necessary to take deceased's homestead out of the assets subject to administration by its vesting in themselves, under the statutes of descent and distribution, the appointment of an administrator de bonis non was improper; since a homestead is not subject to administration, and cannot legally be sold to pay an allowance for the support of the widow and minor children, considering that, under article 3427, such an estate, if the decedent be survived by wife or minor children, cannot be sold to pay the funeral expenses or the expenses of the last sickness, obligations which, as graded by article 3411, rank higher than the allowance of support to widow and children.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 267–278; Dec. Dig. ⬤⇒37.]

2. EXECUTORS AND ADMINISTRATORS ⬤⇒37 — ADMINISTRATION — NECESSITY — TITLE OF CONTESTANTS.

Where contestants opposing the application of one to be appointed administrator de bonis non of their father's estate claimed that the only property of the estate, a homestead, was bought with their money, the respective claims of title were of a nature to be decided in the district court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 267–278; Dec. Dig. ⬤⇒37.]

Appeal from District Court, Brazoria County; Samuel J. Styles, Judge.

Application by A. C. Abraham to be appointed administrator de bonis non of the estate of A. J. Kimmons. Elmer C. Kimmons and others contested the appointment, which was made, and the contestants appeal. Reversed, and judgment rendered denying the application.

Elmer P. Stockwell, of Angleton, for appellants.

MOURSUND, J. Appellee, A. C. Abraham, filed application in the county court of Brazoria county to be appointed administrator de bonis non of the estate of A. J. Kimmons. The application was contested by the appellants, Elmer C. Kimmons, Maude Jackson, joined by her husband, Tom Jackson, Virgie May Abbott, joined by her husband, George C. Abbott, Myrtle Cartee, joined by her husband, Guy W. Cartee, and Luke Kimmons, by his guardian, Elmer P. Stockwell, all of whom objected to the appointment of an administrator de bonis non of said estate, on the ground that there was no necessity for such administration, but asked that, if further administration of said estate was found necessary, appellant Elmer C. Kimmons be

appointed such administrator. The county court entered an order granting Abraham's application and appointing him administrator de bonis non of said estate. The contestants appealed to the district court, and upon a trial de novo in that court a like judgment was rendered. An appeal was taken and the judgment was reversed by the First Court of Civil Appeals. See 158 S. W. 256. The second trial resulted in the same judgment as the first, and the present appeal was taken. The findings of fact filed by the trial court are not excepted to, and are adopted by us. They are as follows:

"I find that on the 22d day of April, 1903, Jesse Hobbs was by order of the probate court of Brazoria county, Tex., appointed administrator of the estate of A. J. Kimmons, deceased, and that said administrator duly qualified as such by giving bond and taking the oath prescribed by law, on the 28th day of April, 1903; that said administrator, on the 10th day of June, 1903, filed in the probate court of Brazoria county, Tex., in said estate an inventory and appraisement of the property of said estate, and among other property inventoried under the head of community property was included 30 acres of land, being the homestead valued at $1,500, and that said inventory was duly approved by order of the probate court of Brazoria county, Tex., dated July 15, 1903; that upon the application of L. M. Kimmons, the widow of A. J. Kimmons, deceased, the probate court of Brazoria county, on July 15, 1903, entered an order allowing the said Mrs. L. M. Kimmons, widow of A. J. Kimmons, deceased, for the support of herself and her two minor children, the sum of $300, to be paid out of the assets of said estate; that on the 16th day of July, 1906, the probate court of Brazoria county, Tex., passed its order ordering that the land described in the inventory filed in said estate by the administrator be sold by the administrator at public auction to the highest bidder, for the purpose of raising the amount of such allowance.

"I further find that on the 14th day of January, 1907, Jesse Hobbs, as administrator of the estate of A. J. Kimmons, deceased, filed an application asking that he be permitted to resign as administrator of said estate, appended to said application being a full report and exhibit showing property received by him as administrator of said estate, and money and property disposed of by him as administrator, which said report was duly approved by the court, by its order entered on the 16th day of April, 1907, which said report, among other things, provides as follows: 'It is therefore considered by the court, so ordered, adjudged, and decreed, that the said Jesse Hobbs, as such administrator, be permitted to resign; that his resignation is accepted by the court; and that he and the sureties on his bond as such administrator be, and they are hereby, fully released from further obligation on said bond upon the administrator turning over to the person designated by this court the property in his hands as such administrator.' Said report above mentioned shows that the said Jesse Hobbs, as administrator, took actual possession of the land described in the inventory, and that he leased said property and collected the rents thereon for a period of three years, and collected the proceeds of and the fruits of said property for a like period, and that about the time of his resignation he turned the land over to Elmer C. Kimmons, but in doing so he turned same over to the said Kimmons with the understanding that Kimmons took same for and on behalf of the estate, and not in his individual capacity.

"I further find that it nowhere appears that the court has ever designated any person to whom the administrator should turn over said land, and I further find that only $100 has been paid to the widow of A. J. Kimmons, deceased, upon the allowance of $300 made to her and her minor children.

"I further find that the land described in the inventory as community property was conveyed to A. J. Kimmons during his lifetime by deed dated the 30th day of June, 1893, and that A. J. Kimmons was married to Mrs. L. M. Kimmons, now Mrs. L. M. Bain, during the year 1892.

"I further find that the applicant, A. C. Abraham, filed his application for letters de bonis non upon the estate of A. J. Kimmons, deceased, in the probate court of Brazoria county, Tex., and that citation was duly had on said application, and that he was duly appointed as administrator de bonis non by order of the county court of Brazoria county, from which order the contestants have appealed to this court.

"I further find that Mrs. L. M. Bain was formerly Mrs. L. M. Kimmons, and is the surviving wife of A. J. Kimmons, deceased, that the said A. J. Kimmons is dead, and that he died in Brazoria county, Tex., during the year 1903; and I further find that Mrs. L. M. Bain with her husband, A. W. Bain, has executed and acknowledged a waiver of her right to be appointed administrator of the estate of her deceased husband, A. J. Kimmons, in compliance with law.

"I further find that the said A. C. Abraham is a resident of Brazoria county, Tex., and is above the age of 21 years, and is not disqualified to act as administrator de bonis non of said estate, but is in all respects qualified to act as such."

The court concluded, as a matter of law, that the estate had not been closed; that further administration is necessary; and that Abraham should be appointed administrator de bonis non.

[1] The evidence shows that no necessity existed for any further administration upon the estate of Kimmons. There was no property except the homestead, which is not subject to administration, and cannot legally be sold to pay an allowance for the support of the widow and her minor children. The record shows that such constituents of the family survived the deceased as are necessary to take the homestead out of the assets subject to administration and vest it in those entitled thereto by our statutes relating to descent and distribution. Hoeffling v. Thulemeyer, 142 S. W. 102; Hoeffling v. Hoeffling, 167 S. W. 210; American Bonding Company v. Logan, 166 S. W. 1136. If the decedent be survived by his wife or minor children, the homestead cannot be sold to pay the funeral expenses or expenses of last sickness. See article 3427, R. S. 1911. The Legislature surely never intended that it could be sold to pay an allowance which it expressly provides shall rank lower than such claims. See article 3411. Any attempt on the part of the county court to subject the homestead to administration is null and void. Dignowity v. Baumblatt, 38 Tex. Civ. App. 363, 85 S. W. 834; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481. Chapter 17 treats of the allowance for the support of the widow and minor children; while chapter 18 relates specially to the homestead and exempt property, and authorizes the use thereof to be given to the widow and minor children and unmarried daughters remaining with the family, with the exception of the exemption of one year's supply of provisions. It seems to be the intention that, when there is a surviving husband or wife or minor children or unmarried daughters, the court has no power to sell the homestead for the payment of any debt or allowance, but merely to give the use thereof to the parties designated in article 3413. If the homestead can be sold to pay the allowance for the support of the widow and minor children, other heirs may be deprived indirectly of that which it is held the Legislature had no power to deprive them of by enacting article 3422.

[2] It appears that the appellants who are children of Kimmons by a former wife claim that the homestead was bought with their money. The respective claims of title should be decided in the district court. Bradley v. Love, 60 Tex. 476; Chapman v. Chapman, 88 Tex. 641, 32 S. W. 871. Nothing is to be gained by further administration. The probate court should enter an order requiring Hobbs to deliver the homestead to the heirs of Kimmons, and should close the administration and discharge Hobbs.

The judgment is reversed, and judgment rendered denying the application for administration de bonis non.