**ALLEN et al. v. RAMEY et al.** (No. 2335.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 30, 1920. Rehearing Denied Jan. 6, 1921.)

1. **Homestead ⊜143—On death of husband his interest descends to children subject to rights of widow and minor children.**

Under Const. art. 16, §§ 50 and 52, and Vernon's Sayles' Ann. Civ. St. 1914, art. 2469, where the homestead was community property, the husband's undivided one-half interest passed on his death to his children subject only to the homestead right of the widow and minor children; there being no indebtedness of the character specified in Vernon's Sayles' Ann. Civ. St. 1914, art. 3427.

2. **Executors and administrators ⊜39, 329(2) —Homestead not subject to administration and cannot be sold to pay allowance to widow and minor children.**

The homestead was not subject to administration as assets of the husband's estate, nor could it be sold to pay an allowance under the statute to the widow and minor children.

3. **Homestead ⊜142(1), 145—Title of children vests on death of father and is not dependent on continued occupancy by widow and minor children.**

Where the homestead was community property, the title of the children vested at once on the death of the husband and was not dependent on the continued use of the property as a homestead by the widow and minor children, and their abandonment of it was not a defense to a suit to recover their undivided interest therein after an unauthorized sale for the purpose of paying an allowance to the widow and minor children.

4. **Homestead ⊜209½—Payment from estate on account of indebtedness does not defeat recovery of interest in homestead.**

If payments to plaintiffs by the temporary administrator of their father were in satisfaction of an indebtedness of the father to them, it could not be urged as a defense to plaintiffs' suit to recover their undivided interest in the homestead.

5. **Homestead ⊜209½—In suit to recover interest in homestead, money paid plaintiffs cannot be recovered back.**

If money paid plaintiffs by their father's temporary administrator might be recovered back in a proper suit against them or against the temporary administrator and his bondsman, it could not be recovered in a suit by plaintiffs to recover their undivided interest in the homestead.

6. **Executors and administrators ⊜194(6)— Orders setting apart homestead to widow and ordering sale to satisfy allowance could be attacked collaterally.**

Orders of the probate court setting apart the husband's interest in the homestead, which was community property, to the widow and children for their support, and directing a sale of such interest to satisfy the allowance, were not merely erroneous, but void for lack of power to make them, and might be attacked collaterally.

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Suit by G. W. Allen and others against T. J. Ramey and others. Judgment for defendants, and plaintiffs appeal. Reversed and rendered.

Appellants Mrs. G. W. Allen and Mrs. M. A. Hatchett were the children of T. R. Chaney by his first wife. He died intestate August 10, 1916, leaving his second wife, appellee Mrs. Lillian Chaney, and three children by her, who are also appellees, surviving him. The community estate between said Chaney and his second wife consisted of a stock of groceries, estimated to be worth $1,500, and the land in Hopkins county in controversy here, which was then (when Chaney died)

the homestead of the family. A temporary administrator of Chaney's estate was appointed, and he sold the stock of groceries, it seems. Of the proceeds of the sale he paid about $300 to appellant Mrs. Allen and about $200 to appellant Mrs. Hatchett. It seems that Chaney had been the guardian of estates belonging to Mrs. Allen and Mrs. Hatchett, and as such was indebted to them for property belonging to them which he had used, and that the payment by the temporary guardian to Mrs. Allen and Mrs. Hatchett was on said indebtedness. What the stock of groceries sold for and what was done with the remainder, if there was any, of the proceeds, does appear from the record. After the death of Chaney, the dwelling house on the land referred to above was destroyed by fire. Insurance on the house was paid to said Mrs. Lillian Chaney, who, prior to April 29, 1919, used same to buy land in Hunt county, which, it seems, she thereafter occupied as a homestead. On her application filed said. April 29, 1919, Mrs. Lillian Chaney was, on July 22, 1919, appointed administratrix of her deceased husband's estate. Having qualified as such administratrix by taking the oath and giving the bond required by law, she returned an inventory showing that the only property of value belonging to the estate was Chaney's community interest in the Hopkins county land, which was appraised at $800. Thereafter she made application to the court for an allowance out of said estate for the support of herself and her three children, all minors, for one year. The court by an order made October 17, 1919, granted the application by setting apart to her the interest of said estate in said Hopkins county land, and on the same day ordered her, as such administratrix, to sell the interest of said estate therein to satisfy said allowance. A sale accordingly made to appellee T. J. Ramey for $450 was confirmed by the court by an order made October 24, 1919. Thereafter the administratrix, as directed in the order, conveyed said interest in said land to Ramey, and by another deed made by her on her own account conveyed to said Ramey the undivided one-half interest she individually owned in the land. Ramey then conveyed the north half of the tract to appellee Grover Sellers. This suit was by said Mrs. Allen and Mrs. Hatchett, each joined by her husband, against said Ramey, Sellers, Mrs. Lillian Chaney in her individual capacity and as administratrix, and her three minor children, and also against the Sulphur Springs Building & Loan Company, a corporation, who claimed liens on the land to secure money it had loaned to said Ramey and Sellers, and against the United States Fidelity & Surety Company, a corporation, the surety on Mrs. Lillian Chaney's bond as administratrix. It was to recover a two-fifths undivided interest which said Mrs. Allen and Mrs. Hatchett claimed to own in the land. The trial was to the court without a jury. The appeal by Mrs. Allen and Mrs. Hatchett and their respective husbands is from a judgment that Ramey, Sellers, and the building and loan company be quieted in the title they claimed to the land, and that the appellants take nothing by their suit. The suit was dismissed so far as it was against the fidelity and surety company, and it is not a party to the appeal.

Crane & Crane, of Sulphur Springs, for appellants.

C. E. Sheppard and Dial & Melson, all of Sulphur Springs, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] The land in question belonged to the community estate between T. R. Chaney and his second wife, appellee Mrs. Lillian Chaney. It was their homestead at the time he died. Chaney did not leave a will, and therefore his undivided half interest in the land passed to his five children, each of whom took an undivided one-fifth thereof, or an undivided one-tenth of the whole tract, subject alone, in the absence of indebtedness of the character specified in article 3427, Vernon's Statutes, as was the case, to the homestead right therein of said Chaney's widow and their minor children. Const. art. 16, §§ 50, 52; Vernon's Statutes, art. 2469. The land, because homestead, was not subject to administration as assets of Chaney's estate. Dorman v. Grace, 57 Tex. Civ. App. 386, 122 S. W. 401, and authorities there cited; Ross v. Martin, 128 S. W. 718; Bonding Co. v. Logan, 106 Tex. 306, 166 S. W. 1132. And it could not be sold to pay an allowance under the statute to the widow and minor children. Kimmons v. Abraham, 176 S. W. 671.

The law being as stated, no reason is apparent in the record why the court below refused appellants the relief they sought.

[3] The suggestion in the brief of Mrs. Lillian Chaney and her children that the land had ceased to be homestead at the time the probate court set it aside as an allowance to them under the statute, and at the time said court ordered it sold, because they had abandoned it and acquired a home elsewhere, would be entitled to consideration if the question was as to whether the land should be partitioned among its owners or not. Vernon's Statutes, arts. 3424, 3425. But that is not the question. The suit was not for a partition of the land. It was to recover an undivided interest therein, which appellants claimed to own, and to be admitted to the possession thereof jointly with the owners of the other undivided interests. The title appellants had to the interest they claimed vested in them at once on the death

of R. T. Chaney, and was in no wise dependent on whether said Chaney's widow and minor children continued to use it as a homestead or not. Hoefling v. Thulemeyer, 142 S. W. 102.

[4, 5] A further contention made in said brief of appellees Mrs. Lillian Chaney and her children in support of the judgment is that it appeared from the testimony that the part paid appellants Mrs. Allen and Mrs. Hatchett of the proceeds of the sale of the stock of groceries, mentioned in the statement above, equaled the value of their interest in their father's estate. Whether, if it appeared that the payment to them was on account of that interest, the payment could be urged as a defense to the recovery sought by them, or could be urged only in proceedings to partition that estate, need not be determined. The only testimony in the record as to that payment was that it was in satisfaction of indebtedness of said appellants' father to them on account of property they took from their mother's estate and which he had used for purposes of his own. Certainly a payment to them on that account was not an answer to their suit to recover an interest they owned in their father's estate. If their father justly owed them on the account stated the money the temporary administrator paid them out of the decedent's estate, it may be that in a proper suit against them, or against the temporary administrator and his bondsmen, the money could be recovered back; but it could not be recovered on the case made by the pleadings in this cause, nor allowed as a defense to the recovery by said appellants of the interest they owned in the land in controversy.

[6] There is as little merit, we think, in the contention made by appellees that appellants were not entitled to relief because the suit was in effect a collateral attack on the validity of the order of the probate court directing a sale of the land and the order of said court confirming the sale made in conformity to its direction. The orders were not merely voidable because erroneous. They were void for lack of power in the probate court to make them. Dignowity v. Baumblatt, 38 Tex. Civ. App. 363, 85 S. W. 834; Kimmons v. Abraham, 176 S. W. 671; Modern Woodmen v. Yanowsky, 187 S. W. 728; Ross v. Martin, 128 S. W. 718. Therefore the rule invoked by appellees with reference to collateral attacks on judgments has no application in the case. Paul v. Willis, 69 Tex. 261, 7 S. W. 357; Dignowity v. Baumblatt, supra; Stephenson v. Marsalis, 33 S. W. 383; Ross v. Martin, supra.

The judgment will be reversed, and judgment will be rendered in favor of appellants for the two-fifths undivided interest they own in one-half of the land in controversy.