## McCAMMON v. TEAGUE et al. (No. 861.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 3, 1923.)

**1. Pleading 252(2)—Amended petition supersedes all petitions theretofore filed by plaintiff.**

An amended petition supersedes all other petitions theretofore filed by the plaintiff, but can be looked to by the trial court for many purposes, and may be vital to the litigation.

**2. Pleading 252(2)—Amendment to petition defective in form held not abandonment of cause as to original defendants.**

An amendment to a petition, repeating in substance the original cause of action against the original defendants, naming them as defendants, and praying for judgment against them as such, although defective in form, *held* not an abandonment of the cause of action against such defendants.

**3. Pleading 254—Amendment defective in form subject to special exceptions.**

When an amended petition is not in due form and is defective in that it does not comply with the rules of pleading, it is the court's duty to sustain a special exception thereto by the adverse party.

Appeal from District Court, Liberty County; J. L. Maury, Judge.

Action by Clarence McCammon against J. S. Teague and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. F. Dabney and A. E. Dawes, both of Houston, for appellant.

C. H. Cain, of Liberty, for appellees.

WALKER, J. Defendants in error have made the following statement of the issues involved in this appeal:

"The real issue before this honorable court is whether the amendments filed prior to the fourth amended original petition, on which the case was heard and judgment rendered, had the

effect of dismissing the suit against the respective defendants therein, within such time as the bar of the two years' statute of limitation was complete when the fourth original petition was filed."

On this issue, the facts are as follows: On the 18th day of June, 1918, plaintiff in error filed his original petition in this cause, alleging as follows:

"Clarence McCammon, plaintiff in the above numbered and entitled cause, represents that he resides in Liberty county, Tex., and that the defendants herein J. S. Teague (constable) J. L. Ellis, A. W. Abshier, J. S. Finley, C. W. Fisher, reside in Liberty county, Tex., and that defendant, M. E. Cain, resides in Chambers county, Tex., and for cause of action, plaintiff represents to the court: That J. S. Teague was, prior to this complaint, elected and qualified as constable in and for precinct No. 1, in and for Liberty county, Tex., and that J. S. Teague executed and filed an official bond dated 13th day of November, 1916, by himself as principal, and defendants J. L. Ellis, A. W. Abshier, J. S. Finley, and C. W. Fisher, as sureties, wherein they were held and firmly bound unto James E. Ferguson, Governor of the state of Texas, and his successors in office in the sum of $500, for the payment of which, they bound themselves, their heirs, executors, and administrators, jointly and separately, to well and truly pay the same conditioned and that if the bounden, J. S. Teague, faithfully performed all the duties required of him by law as constable in and for precinct No. 1, in and for the county of Liberty, state of Texas, otherwise to remain in full force and effect; that at the time of his conduct hereinafter set out, defendant J. S. Teague was acting in the capacity as constable for and in said precinct in said Liberty county."

This allegation was followed by a statement of the facts on which he predicated his cause of action. The petition closed with the following prayer:

"Wherefore, plaintiff prays the court that the defendant be cited to appear and answer this petition; that he have judgment for his damage, $1,000, with interest from the date of sale of said property, costs of court, and for such other and further relief, general or special, in law and equity that he may be justly entitled to."

On the 14th day of November, 1918, plaintiff in error filed his first amended original petition, in which he complained in an introductory paragraph of all of the defendants except M. E. Cain, but Cain was denominated a defendant in the statement of the cause of action. This petition concluded with substantially the same prayer as the original petition.

On the 24th day of January, 1919, plaintiff in error filed his second amended original petition, in which he alleged as follows:

"Now comes Clarence McCammon, plaintiff in the above numbered and entitled cause, and with leave of court first had and obtained, files this his second amended original petition in lieu of his first amended original petition filed herein and represents to the court: That the new parties, made defendants herein, J. M. Wilson resides in Liberty county, Tex., and that Wm. C. Morgan resides in Hardin county, Tex.; and for cause of action plaintiff represents to the court: 1. That defendant J. S. Teague prior to the filing of this complaint was elected constable in and for precinct No. 1, in and for the county of Liberty, state of Texas; that he later qualified as said constable; that he executed and filed an official bond on or about the 17th day of December, A. D. 1916, dated the 17th day of December, A. D. 1916, by himself as principal and defendants J. E. Ellis, A. W. Abshier, J. S. Finley, and C. W. Fisher as sureties, wherein and whereby they were held and firmly bound unto ———, county judge of Liberty county, Tex., and his successors in office in the sum of $500 for the payment of which, they bound themselves, their heirs, executors, and administrators, jointly and severally, to well and truly, pay the same conditioned that the bounden, J. S. Teague, faithfully performed all the duties required of him as constable, in and for precinct No. 1, in and for the county of Liberty, state of Texas, otherwise to remain in full force and effect; that said bond was approved by the commissioners' court of said Liberty county, Tex., and that at the time of his conduct hereinafter set out, said defendant J. S. Teague was acting in the capacity as said constable."

This allegation was followed by a statement of the facts on which he predicated his cause of action against the new as well as the old defendants. The petition concluded with the following prayer:

"Wherefore plaintiff prays the court that the new parties defendants J. M. Wilson and Wm. C. Morgan also be cited to appear and answer this petition; that he have judgment for the recovery of his said saw mill and outfit and the reasonable value of the use of the same. Or praying in the alternative, plaintiff prays the court, that, in the event the court should find that he is not entitled to the recovery of his property, that he have judgment for his damages, $1,800 against said defendants J. S. Teague (constable) M. E. Cain, J. M. Wilson, and Wm. C. Morgan, and a judgment in the sum of $500 against said defendants A. W. Abshier, J. L. Ellis, J. S. Finley, C. W. Fisher, and M. E. Cain, for reasonable value of the use of his said property, interest, costs of this suit, and for such other and further relief, general or special, in law and equity that he may justly be entitled to, etc."

On the 25th day of October, 1919, plaintiff in error filed his third amended original petition, in which he complained of the old and the new defendants in the introductory paragraph, and prayed for substantially the same relief as in his second amended original petition.

On the 25th day of January, 1921, plaintiff in error filed his fourth amended original petition, in lieu of his third amended original petition filed and "in lieu of all other original pleadings filed by him" complaining of the same parties and praying for the same relief, in substance, as in the third amended original petition.

On the trial, the following judgment was entered in favor of defendants in error:

"On this the 17th day of August, 1921, this cause was called for trial, and thereupon appeared the plaintiff and all of the defendants, and first came on to be heard the special exception of defendants urging the two years' statute of limitation, and the court, after hearing and considering said special exception, is of the opinion that the law is for the defendants, and therefore the said special exception is sustained; and it is further ordered, adjudged and decreed that the plaintiff take nothing by his suit and that the same be dismissed and that the defendants have judgment against the plaintiff for their costs, for which execution may issue; to which order and judgment of the court, sustaining said special exception and dismissing this cause, the plaintiff then and there in open court duly excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, and he is hereby allowed sixty days after the adjournment of this term of court in which to file his bills of exception."

It appears from the record that the special exception to plaintiff in error's fourth amended original petition was sustained on the ground, as stated by defendants in error, that—

"When plaintiff in error filed his second amended original petition on the 24th of January, 1919, complaining of J. M. Wilson and William C. Morgan only, that petition superseded all other petitions theretofore filed by him in said cause, and he thereby abandoned his original and first amended petitions and dropped from the suit the defendants J. S. Teague, J. L. Ellis, A. W. Abshier, J. S. Finley, C. W. Fisher, and M. E. Cain. And more than two years having expired from the date of the cause of action as alleged by him, his cause of action against all of the defendants named was on the 24th day of January, 1919, barred by the two years' statute of limitation."

As sustaining the trial court, defendants in error advance the following proposition:

"The plaintiff's petition merely pleading the facts which he based his cause of action upon and thereby connecting the names or parties to evidentiary facts pleaded by him does not constitute parties referred to in the body of his petition defendants unless he had at the beginning of his petition complained of them as such, giving their respective names and places of residences, then following with a full, clear, logical, and legal statement of his cause of action against them."

[1-3] An amended petition supersedes all other petitions theretofore filed by the plaintiff, but can be looked to by the trial court for many purposes, and may be vital to the litigation. Newman v. Dodson, 61 Texas, 91. The case before us is in point because the issue of two years' limitation rests on an inspection of the prior pleadings. We believe the trial court erred in construing the second amended original petition as an abandonment and dismissal of the old defendants and as being only against the new defendants Wilson and Morgan. When all its sections are construed together, it clearly appears that plaintiff in error did not intend to abandon his cause of action against the old defendants, but was urging his cause of action, not only against them, but also against the new defendants. It appears that he repleaded, in substance, his original cause of action against the original defendants, naming them as defendants, and prayed for judgment against them as such. The second amended original petition was not in due form, and was defective in that it did not comply with the rules of pleading in the respects pointed out in defendants in error's proposition. Had these defects been pointed out by special exception it would have been the duty of the trial court to sustain them, but that was not done. On the proposition advanced, the second amended original petition was entitled to all reasonable intendments, and when construed in the light of the intention and purpose of the pleader, we think it reasonably appears that he did not abandon any of the old defendants.

In our judgment the trial court committed error in sustaining the special exception, and for that reason his judgment is reversed and this cause remanded for a new trial.