## EQUITABLE BUILDING & LOAN ASS'N v. JONES et al.

### No. 3557.

Court of Civil Appeals of Texas. Amarillo.

Feb. 18, 1931.

Lindsey, Berry & Peticolas, of Lubbock, for appellant.

Hart & Kernan, of Amarillo, for appellees.

JACKSON, J.

This suit was instituted in the district court of Lubbock county, Tex., by the appellant, the Equitable Building & Loan Association, against France Baker and Annie Jones, the surviving widow of D. F. Jones, deceased, and all the heirs of the deceased, the names of whom and their residence are stated in the petition.

The suit is on a note for the sum of $2,250, with interest, dated April 17, 1929, payable to plaintiff in monthly installments, and to foreclose a deed of trust lien executed and delivered by Annie Jones and her deceased husband, against lot 8, block 16, of the O'Neal Terrace annex, an addition to the town of Lubbock.

The plaintiff alleges that on March 5, 1929, D. F. Jones and wife Annie Jones executed a note for the sum of $2,250, payable to the order of J. F. Boozer, secured by a valid mechanic's lien on the above-described real es-

tate. That the note sued on and the deed of trust lien, on which foreclosure is sought, were executed on April 17, 1929, in renewal and extension of said mechanic's lien note and said mechanic's lien. That D. F. Jones died intestate on or about August 18, 1929.

That France Baker is claiming some right, title, or interest in and to said real estate, but, if any right he has, it is inferior to that held by plaintiff.

That the plaintiff is the owner of the note and lien sued on; that default has been made in the payment thereof; that there is no administration on the estate of D. F. Jones, deceased, and that none is necessary, because there are no valid debts against said estate. The prayer is for judgment for the debt against Annie Jones and a foreclosure of the lien against all of the defendants.

France Baker, though duly cited, defaulted.

Annie Jones and the other defendants filed a plea, challenging the jurisdiction of the court to hear and determine the case, in which they allege: "That plaintiff's cause of action is for the recovery of an alleged indebtedness of $2700.00, evidenced by a note signed by D. F. Jones, deceased, and wife Annie Jones, and the foreclosure of a deed of trust on Lot 8, Block No. 16, of the O'Neal Terrace Annex, an addition to the City of Lubbock, Lubbock County, Texas, and the improvements thereon. That said real estate is the only asset of the estate of D. F. Jones, deceased, who died on the 18th day of August, 1929, and that the defendant Ira Jones holds claims against said estate in the sum of $896.00, created during the said D. F. Jones' last sickness and death and that it is necessary that an administrator be appointed to properly distribute the assets of said estate. Wherefore, they pray judgment that this Court take no further cognizance of this suit."

The plaintiff, in reply to the defendants' plea to the jurisdiction of the court, alleges that the property in controversy constituted the homestead of D. F. Jones and wife, and that any claim for expenses for the last sickness and death of D. F. Jones would not constitute a lien against said property and the probate court could not subject the homestead to a forced sale and deprive Annie Jones and the heirs of D. F. Jones, deceased, of title and possession thereof.

There was no testimony introduced, but the trial court, acting on the plea and the answer thereto, dismissed the cause for want of jurisdiction, from which action of the court this appeal is prosecuted.

Article 16, § 50, of the Constitution of the state, reads, in part: "The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due

thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead."

Article 3499, R. C. S., contains substantially the language of the constitution above quoted.

In conformity to this constitutional provision and the statute, article 3500, R. C. S., provides: "The exempted property, other than the homestead, or any allowance made in lieu thereof, shall be liable for the payment of the funeral expenses and the expenses of last sickness of deceased, when presented within the time prescribed therefor, but such property shall not be liable for any other debts of the estate."

The appellees state in their plea to the jurisdiction of the court that the real estate involved in this controversy constitutes the only asset of the estate of D. F. Jones, deceased. The appellant states that the property was the homestead of the deceased and his wife. The validity of the lien asserted against the homestead by appellant is not questioned.

■ Manifestly, under the facts alleged and the constitution and the statutes of Texas, no lien existed against the property involved, if it was a homestead, to secure the indebtedness for the last sickness and funeral expenses of the deceased.

The record discloses that the wife of D. F. Jones, deceased, a constituent member of his family, is still living.

■ On the death of D. F. Jones, the title to the homestead vested in his wife and children and was not subject to administration, and an administrator would have neither the legal title to the property nor the right to control it as assets of the estate. Hanks v. Crosby, 64 Tex. 483.

In Kimmons v. Abraham (Tex. Civ. App.) 176 S. W. 671, 672, the court said: "There was no property except the homestead, which is not subject to administration, and cannot legally be sold to pay an allowance for the support of the widow and her minor children. The record shows that such constituents of the family survived the deceased as are necessary to take the homestead out of the assets subject to administration and vest it in those entitled thereto by our statutes relating to descent and distribution. Hoefling v. Thulemeyer [Tex. Civ. App.] 142 S. W. 102; Hoefling v. Hoefling [106 Tex. 350] 167 S. W. 210; American Bonding Company v. Logan [106 Tex. 306] 166 S. W. 1136. If the decedent be survived by his wife or minor children, the homestead cannot be sold to pay the funeral expenses or expenses of last sickness. See article 3427, R. S. 1911. The Leg-

islature surely never intended that it could be sold to pay an allowance which it expressly provides shall rank lower than such claims. See article 3411. Any attempt on the part of the county court to subject the homestead to administration is null and void. Dignowity v. Baumblatt, 38 Tex. Civ. App. 363, 85 S. W. 834; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481." See, also, Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015; Faulkner v. Reed (Tex. Civ. App.) 229 S. W. 945; Penniman Gravel & Material Co. et al. v. Hutton et al. (Tex. Civ. App.) 16 S.W.(2d) 848.

■ If the facts are as revealed in the pleadings of the parties upon which the court acted, that is, no administration was pending on the estate, that there were no assets of the estate save and except the property involved in this controversy, that the property constituted the homestead of Annie Jones and her deceased husband, that the debt of the appellant was secured by a valid mechanic's lien to which the appellant had been subrogated and of which it was the owner, in our opinion the district court committed error in dismissing the case for want of jurisdiction. While the appellant sought a personal judgment against Annie Jones, which, under the facts revealed by this record, it could not recover, this would not defeat jurisdiction of the court to grant appellant the relief to which it is entitled.

In passing upon the jurisdiction of the district court to foreclose a vendor's lien, the Supreme Court in Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698, 699, says: "The question, then, is, did the district court have power to proceed to judgment, and to order a sale of the land for the payment of the debt, without contravening the policy of our probate laws? These laws provide for the establishment of claims against the estate of a deceased person, and for their classification and payment in a certain prescribed order. Their purpose is mainly to protect creditors and the widow and minor children in their respective rights. Their respective priorities could not be pressed, if a creditor were entitled to enforce his claim, through the ordinary tribunals, which have jurisdiction of suits for the collection of debts. But the plaintiff in this case, by her trial amendment, seeks only to subject the land to the payment of her debt, and her lien as to that land is superior to all other claims whatever. * * * The defendants hold the legal title to the land, and she has a lien upon it which she seeks to enforce in a court of equity. But for our statutes she would have an unquestionable right to such relief, and we are of opinion that in the present case they do not present an obstacle to her recovery, provided she proved the case alleged in her petition."

The judgment is reversed and the cause remanded.