## McGILL et al. v. REED.
### No. 4370.

Court of Civil Appeals of Texas. Texarkana.

Oct. 26, 1933.

Seb F. Caldwell, of Mt. Pleasant, for appellants.

Hiram G. Brown, of Mt. Pleasant, for appellee.

JOHNSON, Chief Justice.

Appellee, J. B. Reed, sued appellants, Ellie McGill and Jim McGill, to recover upon and

foreclose the lien reserved in certain vendor's lien notes executed by appellants as a part of the purchase price of an undivided ⅓ interest in a tract of land located in Titus county and described in a deed from Caliph Roseborough and wife to Ellie McGill. The notes were payable to the order of the grantor, Caliph Roseborough, and by him, at or about the time they were executed, transferred and assigned to appellee, J. B. Reed, in consideration of the cancellation of a prior lien held against the land by said J. B. Reed. In their answer the appellants allege as a defense three special pleas, which stated in substance are: (1) That the appellee, J. B. Reed, being interested in the transaction by reason of his prior lien on the land, induced appellants to make the purchase and execute the notes in question by falsely representing to them that the deed would and did convey a particular 19 acres out of the tract of land described, and which 19 acres to adjoin land owned by appellant Jim McGill; (2) that the tract of land out of which the ⅓ undivided interest was conveyed by the deed was being occupied by a minor cotenant as a homestead, which prevented delivery of possession by appellants' grantor under the deed to appellants, and by reason of which it is contended by appellants that the deed was void and the notes are without consideration; (3) that one Eugene Hudson, a remote grantor in the chain of title to the ⅓ undivided interest in controversy, was a minor, and that guardianship proceedings were pending on his estate at the time he conveyed his said interest in the land to I. N. Williams, by reason of which it is contended by appellants that said minor's deed was void, hence the deeds from I. N. Williams to Caliph Roseborough and from Caliph Roseborough to appellant Ellie McGill, conveyed no title, and the notes executed therefor were without consideration. The case was tried to a jury. In response to special issues the jury found that the appellee, J. B. Reed, did not make the misrepresentation complained of by appellants. And the jury further found that the appellants knew at the time the deed was delivered that it conveyed only a ⅓ undivided interest in the land. These findings of the jury are supported by the evidence and conclude the special plea of fraud against appellants. The court entered judgment for appellee, J. B. Reed, for his debt and foreclosure of the vendor's lien. Appellants have perfected their appeal from the order of the court overruling their motion for a new trial. Appellants complained of and now assign as error the action of the trial court in failing and refusing to submit to the jury certain questions with regard to the facts relating to defendants' special pleas No. 2 and No. 3 stated above; and that the trial court erred in entering judgment for the plaintiff, and in not entering judgment for defendants. The facts in support of defendants' alleged special

pleas No. 2 and No. 3 do not appear to be controverted, hence the question to be determined is whether or not either of them presents a legal defense to the notes.

■■ The land was the separate property of Alford Hudson, and constituted the homestead of himself and family at the time of his death. He was survived by his widow, Ada Hudson, and three children, Eugene Hudson, Magnolia Hudson, and Bernice Hudson, his sole heirs. Ada Hudson married Caliph Roseborough. She was appointed by the probate court of Titus county and qualified as guardian of the estate of said minors, Eugene, Magnolia, and Bernice Hudson. A few months before becoming 21 years of age, and while the guardianship proceedings were still pending on his estate, Eugene Hudson conveyed his ⅓ undivided interest in the land to I. N. Williams. Eugene Hudson was joined in this deed by Ada Roseborough and Caliph Roseborough. The deed recites that Eugene Hudson is over 21 years of age, and expressly conveys and quitclaims any and all homestead rights of Ada Roseborough, agreeing that partition may be had by the grantee or his assigns at any time. No attempt was ever made by any one to set this deed aside. Eugene Hudson arrived at the age of twenty-one years and later died without having disaffirmed the conveyance. Appellants recognize the general rule that a deed of a minor is not void, and only voidable at the instance of the minor within a reasonable time after he reached his majority. But, appellants contend, the deed of the minor, Eugene Hudson, was void by reason of the pendency of the guardianship on his estate at the time he executed the conveyance. We are of the opinion that appellants' contention is not well taken. The deed of a minor operates to convey title as does that of an adult, but is subject to being defeated within the proper time and manner by reason of his minority, which is a protection afforded the minor and not the purchaser, and, if not so defeated, the conveyance remains valid. The jurisdiction of the probate court would not of itself destroy the power of the minor to convey, but only subject the deed to being defeated by subsequent exercise of such jurisdiction to that effect during the pendency of the guardianship proceedings. Nothing having been done to defeat the deed of Eugene Hudson, it remains valid.

■■ The minor Bernice Hudson still resides on the old home place, the land in controversy, and owns a ⅓ undivided interest in it. Appellants testify these facts were known to them at the time they purchased, hence they took subject to whatever homestead rights, if any, she has in the land. At the time of the death of his father, Eugene Hudson became vested with title to a ⅓ undivided interest in the land, and should appellants be correct in their contention that

it is burdened with the homestead rights of the minor sister, such facts would not defeat a conveyance of Eugene Hudson's interest. Simms v. Hixon (Tex. Civ. App.) 65 S. W. 36; Hatton v. Bodan Lumber Co., 57 Tex. Civ. App. 478, 123 S. W. 163; Allen v. Ramey (Tex. Civ. App.) 226 S. W. 489; Bell v. Read, 23 Tex. Civ. App. 95, 56 S. W. 584.

We have considered all of appellants' assignments, and find no error presented.

The judgment of the trial court is affirmed.