## PADALECKI v. DREIBRODT et al.

### No. 10386.

Court of Civil Appeals of Texas. San Antonio.
May 24, 1939.

482

Augustus McCloskey, of San Antonio, for appellant.

Martin S. Tudyk, of San Antonio, Smith & Smith, of Fort Worth, and T. W. Anderson and Ingrum & Morris, all of San Antonio, for appellees.

SLATTON, Justice.

Fritz Dreibrodt, on the 21st day of March, 1933, filed suit in the 57th District Court of Bexar County, against Martin Padalecki and wife, Elizabeth Padalecki, Aloise M. Padalecki, and Southland Royalty Company, upon a promissory note in the sum of $6000, interest and attorney's fees, and to foreclose a vendor's and deed of trust liens given to secure the payment of said note, upon two tracts of land; the first tract being 100 acres out of the J. M. Springer Survey No. 31, Abstract No. 668 (a vendor's lien); and the second tract being 69½ acres out of the J. M. Springer Survey (a deed of trust lien). This suit was numbered upon the docket of said court, B–70,839. Martin Padalecki, Elizabeth Padalecki and Aloise Padalecki answered in said cause April 3, 1933. Thereafter, on January 18, 1936, Fritz Dreibrodt filed a first amended original petition in said cause wherein Elizabeth Padalecki was omitted as a defendant. Thereafter, on December 10, 1936, Dreibrodt filed a second amended petition in which Elizabeth Padalecki was named, with the others, as defendant.

On December 14, 1936, judgment was rendered on the note against Martin Padalecki and a foreclosure was allowed against all the defendants of the vendor's and deed of trust liens against the two tracts of land.

Elizabeth Padalecki filed this suit in the 57th District Court, the exact date does not appear; the second amended original petition, to which the trial court sustained a general demurrer, was filed December 6, 1937. In her second amended original petition she brings the suit in her individual capacity and as administratrix of the estate of Martin Padalecki, deceased. She averred that the omission of her name from the first amended original petition filed by Dreibrodt as aforesaid, in cause No. 70,839, had the legal effect of a dismissal as to her from said cause and that she was not notified in any manner of the filing of the second amended original petition of Dreibrodt in said suit; therefore, the judgment foreclosing the deed of trust lien upon the 69½ acre tract was void. She further averred that the 69½ acre tract was at all material times the homestead of said Elizabeth Padalecki and her family. She further alleged that Martin Padalecki, her husband, was insane at the time of the judgment and at the time of the execution of the deed of trust lien upon the 69½ acre tract of land; and that because of insanity Martin Padalecki did not make any defense to the suit numbered B–70,839. She further alleged that

no consideration passed to Martin Padalecki for the execution of the deed of trust lien upon the 69½ acre tract, and at that time such land was the homestead of Martin Padalecki and Elizabeth Padalecki. This statement of the pleading is deemed sufficient to present the questions that must be determined by this appeal.

If the omission of the name of Elizabeth Padalecki in the first amended original petition, as a defendant, in cause No. B–70,839, showed an intention as a matter of law upon the plaintiff Fritz Dreibrodt to dismiss or discontinue his cause of action against Elizabeth Padalecki she would not be bound by the judgment thereafter rendered upon an amended pleading of which she had no notice and failed to appear and answer thereto. In her pleading in this action she makes profert of all pleadings of the plaintiff in cause No. B–70,839, and the judgment rendered in said cause. A reading of the pleadings filed by Fritz Dreibrodt and the judgment in said cause clearly indicates that the omission of such name in the first amended original petition was an oversight and was not intended to be a dismissal as to such omitted defendant. This clearly appears from the recital in the judgment as follows: "That defendants Martin Padalecki, Elizabeth Padalecki and Aloise Padalecki having filed a plea of misjoinder of causes of action herein and general demurrer and general denial is of the opinion that same should be overruled." Had the court rendered a judgment upon the first amended original petition of Dreibrodt it could be well said that the omission of such name was tantamount to a discontinuance of such suit against the omitted defendant. St. Louis Southwestern Ry. Co. v. Texas Packing Co., Tex. Civ.App., 253 S.W. 864.

Elizabeth Padalecki had answered with a plea of misjoinder in addition to an answer upon the merits prior to the filing of the first amended original petition, upon which no ruling was made by the court until after the second amended original petition was filed, wherein she was named as a defendant.

Under these facts, which affirmatively appear in the pleading upon which the trial court's action was invoked, it cannot be said that the omission of her name as a defendant was tantamount to a dismissal of her as a defendant in cause No. B–70,-839. McCammon v. Teague, Tex.Civ.App., 247 S.W. 915.

The facts pleaded by Elizabeth Padalecki in the present case not amounting in law to a dismissal of her as a defendant in cause No. B–70,839, and she having answered in said suit is presumed to be present in court and cognizant of all subsequent proceedings in the cause. Spivey et al. v. Saner-Ragley Lumber Company, Tex.Com.App., 284 S.W. 210, and authorities there cited.

Therefore, Elizabeth Padalecki being a party defendant in said cause when the second amended original petition was filed and at the time of the entry of the judgment, is bound thereby. She is not entitled to set the same aside unless prevented from urging her defenses thereto, which would or ought to have prevented the rendition of such a judgment, and that she was by fraud, accident or the acts of the adverse party, prevented from so urging her defenses without fault or negligence on her part. Gehret v. Hetkes, Tex. Com.App., 36 S.W.2d 700; Benson v. Mangum, Tex.Civ.App., 117 S.W.2d 169, writ refused.

According to her pleading in the present case she does not state any facts which in law would excuse her for the failure to assert the same defenses in cause No. B–70,839, as is attempted to be urged in this suit. Therefore, the action of the trial court in sustaining the general demurrer as to the cause of action asserted by Elizabeth Padalecki in her individual capacity was correct.

There remains to consider the action of the court in sustaining the general demurrer against Elizabeth Padalecki, as administratrix of the estate of Martin Padalecki, deceased. It does not appear from the pleading when Martin Padalecki departed this life, nor does it appear when an administration was begun upon his estate. It does appear that he was living and insane upon the date of the judgment sought to be vacated and that his estate first came into this suit upon the filing of the trial pleadings, on December 6, 1937. The interest of the estate in the 69½ acre tract of land is not specifically alleged. In fact the theory of the case seems to have been treated by the trial court and the parties as one in which Elizabeth Padalecki was moving in her individual

capacity, except the appearance made by her in the capacity of administratrix of the estate of Martin Padalecki, deceased. She alleges a purchase of the 69½ acre tract of land by Elizabeth Padalecki and Martin Padalecki December 17, 1918, and that ever since such date said land constituted a part of their homestead. She further averred that Martin Padalecki conveyed said tract of land to Aloise Padalecki, but that such conveyance was void because it was a part of her homestead. But she further alleges in her sworn petition that at the time of the pretended conveyance of said tract of land to John Ramzinski, one of the defendants in this suit, that Dreibrodt had no title to the land but that the record title to said land and the real title of said land was at said time in Elizabeth Padalecki and constituted a part of her homestead. If we give effect to her allegations and harmonize any apparent conflicts there is no interest of the estate of Martin Padalecki shown in the land sought to be recovered in this suit by such estate. Whether the title to such tract of land from Martin Padalecki was by gift or purchase between 1918, and the alleged date of insanity, to-wit, 1924, is not alleged, but she could have received a title to his interest in the land through either means. In either event, if at the time of filing the trial pleadings herein the title, record and real, was in Elizabeth Padalecki, the estate of Martin Padalecki had no interest therein and hence the trial court did not err in sustaining the demurrer against such estate.

The judgment is affirmed.

On Appellees' Motion for Rehearing.

This cause was affirmed on the original disposition. On the appellant's motion for a rehearing we reversed the action of the trial court in sustaining a general demurrer to the trial pleadings filed on behalf of the estate of Martin Padalecki, deceased.

According to the trial pleadings, the tract of 69½ acres of land was the community property of Martin and Elizabeth Padalecki, and, at all of the material times in question, a part of the homestead of said Padaleckis and their children. This being true, upon the death of Martin Padalecki the property (being homestead) descended and vested in like manner as other real property of the deceased. Art. 16, § 52, Constitution of Texas, Vernon's Ann.St. The property being homestead, the probate court having jurisdiction of the estate of Martin Padalecki, deceased, does not have power to administer it, except where debts exist for which such an estate is constitutionally liable, which is not the case here. Cline v. Niblo, 117 Tex. 474, 8 S. W.2d 633, 66 A.L.R. 916, Supreme Court.

In the case of Dignowity v. Baumblatt, 38 Tex.Civ.App. 363, 85 S.W. 834, 835, it is said: "If the land in controversy was the homestead of appellants, it was not subject to administration, and any attempt on the part of the county court to subject it to administration was null and void." These expressions were approved by our Supreme Court in the Cline case, supra.

The administratrix of the deceased had no right to recover this property. Therefore, the trial court correctly sustained the general demurrer to the pleading filed on behalf of the estate of Martin Padalecki, deceased.

This is not a case, where the heirs of Martin Padalecki, deceased, in their own names, or through another as their representative, are moving to set aside the judgment, deed of trust lien, and their father's deed because of the homestead character of the property and the insanity of their father. Neither is it a case of the surviving spouse suing as a survivor in community, or for the benefit of minor children. Elizabeth Padalecki sues only individually and as administratrix of the estate of Martin Padalecki, deceased.

Since, as we have held, Elizabeth Padalecki was a party to the original suit at the time of the rendition of the judgment sought to be set aside and did not assert her homestead rights, she cannot, for herself, urge such rights in this suit without showing facts which in law would excuse her for a failure to assert such rights in the first suit; and the estate of Martin Padalecki, deceased, having no interest in the land sought to be recovered, which, if homestead, descended to the heirs of said Padalecki, the trial court correctly ruled in this case.

The appellees' motion for rehearing will be granted, the opinion on motion for rehearing of appellant will be withdrawn, the motion for rehearing filed by the appellant will be overruled, and the judgment of the trial court is affirmed.