G. I. Dorman, Administrator, v. E. B. Grace et al.

Decided November 4, 1909.

**Estates of Decedents—Homestead—Descent.**

The homestead of a decedent which was set apart to the widow in administration, descends to his heirs on her death, though they are collateral relatives, he leaving no direct descendants. It does not, in such case, revert to his estate or become subject to sale for his debts at the hands of his administrator. (Rev. Stats., arts. 2046, 2055, 2060).

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton

*M. L. Morris* and *McGrady & McMahon,* for appellants.

*Richard B. Semple,* for appellees.

HODGES, Associate Justice.—Charles D. Grace during his lifetime was a resident of Fannin County. On the —— day of February, 1906, he died intestate, leaving surviving him a wife but no children. At the time of his death he and his wife resided upon the land involved in this suit, as a part of his homestead, and which his wife continued to occupy as her homestead until her death, which occurred on the —— day of February, 1908. The homestead consisted partly of community property of Charles D. Grace and his wife and partly of his separate property, aggregating about thirty acres of land. Grace left neither father nor mother, and his only heirs were his wife and the appellees herein, E. B. Grace, a brother, Virginia Freeman, a sister, and E. H. Grace, a nephew. At the time of his death the estate of Charles D. Grace was insolvent, and there are now over $1,000 in valid claims against his estate which have been duly probated and remain unpaid. On the —— day of April, 1908, the appellant, Dorman, was appointed administrator of the estate of Charles D. Grace by the County Court of Fannin County, and thereafter qualified as such by making the bond and taking the oath required by law, and was and is now the duly qualified and acting administrator. No letters of administration had previously been taken out on the estate of Grace. In September, 1908, a suit was instituted in the District Court of Fannin County by the administrator of L. M. Grace, the deceased wife of Charles D. Grace, against the appellant and the appellees in this suit, seeking a partition of the estate. A judgment was accordingly rendered dividing the land, decreeing six acres in controversy to the defendants in that suit, who are the plaintiffs and defendant in the present suit. In that suit no issue was made or adjudicated as to the respective rights of Dorman, the administrator, and the appellees, the only issue being as to the right of the administrator of the estate of L. M. Grace as against the other parties to a portion of the estate left by Grace and wife.

This suit was instituted by the appellees, the brother, sister and nephew of Charles D. Grace, against Dorman as the administrator, to recover the six acres apportioned to them in the partition suit mentioned above. Dorman in his answer plead a general demurrer, general denial and not guilty. A judgment was rendered in favor of the plaintiffs in the court below, from which the administrator prosecutes this appeal.

The only issue presented is whether the homestead, after the death of Mrs. Grace, became subject to the payment of the debts of Charles D. Grace. If it did, then the appellant, as the duly appointed administrator, was entitled to the possession of the property for the purposes of administration. If it did not so become liable, then he had no such right and the judgment of the court below should be affirmed.

It will be observed that the question is not whether the homestead remains exempt upon the death of the head of the family leaving no constituents of the family authorized under the law to have it set apart to them, but whether, after the death of the only remaining constituent to whom it had been set apart, or might have been set apart, it be-

comes assets in the hands of the administrator and subject to the debts of the deceased husband. Article 2046 of the Revised Civil Statutes provides that at the first term of the court, after an inventory, appraisement and list of claims have been returned, it shall be the duty of the court to set apart to the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the State. Article 2055 provides that should the estate upon final settlement prove to be insolvent, the title to the widow and children to all the property and allowances set apart or paid to them under the provisions of this and the preceding chapter shall be absolute and shall not be taken for any of the debts of the estate except as thereinafter provided. The last provisions referred to make the exempt property, other than the homestead, subject to the payment of funeral expenses and expenses of last sickness, when presented within the time prescribed by law. Article 2060 provides that the homestead shall not be liable for the payment of any of the debts of the estate except for the purchase money, taxes, or for work and material used in constructing improvements thereon, etc. From the foregoing provisions it is made clear, we think, that upon the death of the husband leaving a wife or any constituents of the family mentioned in the statute who are authorized to claim the homestead exemption, the latter is not subject to the payment of the deceased husband's debts, and is therefore no part of the assets to be administered. This view is supported by the following authorities: Zwernemann v. Rosenberg, 76 Texas, 522; Childers v. Henderson, 76 Texas, 664, 13 S. W., 481; Cameron v. Morris, 83 Texas, 14, 18 S. W., 422; Roots v. Robertson, 93 Texas, 365; Ford v. Sims, 93 Texas, 586; McAllister v. Godbold, 29 S. W., 417. The effect of the statute is to completely withdraw the homestead, under the condition described, from administration, and to exclude it from the assets of the estate available for the payment of the debts of the deceased. This being done, there is no other provision of the statute that attempts to restore it at any future time or upon the happening of any future contingency. If the exemption was intended to last only so long as the statutory constituents of the family lived or used it in the manner required by law, there could be no good reason why it should not be applied during that time to the debts of the husband, subject to the possessory and other rights of those surviving constituents. Counsel for appellant suggest that it is inequitable to permit collateral heirs in cases like the present to defeat the claim of creditors holding valid claims of indebtedness against the estate of the deceased. If the property would be exempt in the hands of the lineal descendants of Grace, we know of no rule that would prevent collateral heirs from invoking the same protection. It seems that the property derives its exempt character from the fact that upon the death of the husband it passes to certain designated constituents of the family, and in conferring those statutory rights the homestead is absolutely exempted. Article 2055 attempted, in case where the estate proves insolvent, to make the title of the surviving wife and other constituents of the family to whom a homestead had been set apart absolute, but our Supreme Court has

held in several cases that so much of that article as interfered with the rights of other heirs who would take according to the laws of descent and distribution, was unconstitutional and void.  See Roots v. Robinson, supra, but the remainder is valid.

The principle involved is so fully discussed in the cases we have cited that we deem it unnecessary to say more.  The judgment of the court is affirmed.

*Affirmed.*

Writ of error refused.