WADE et al. v. SCOTT et al.

(Court of Civil Appeals of Texas. Austin. March 20, 1912.)

1. HOMESTEAD (§ 142*) — DESCENT — EXEMPTIONS.

Where decedent died owning only a homestead, on which his wife and unmarried daughter lived at the time of his death, and which they thereafter continued to occupy as their home, the title thereto vested, immediately on the death of decedent, in his heirs, freed from claims of his creditors.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 271–280; Dec. Dig. § 142.*]

2. EXECUTORS AND ADMINISTRATORS (§ 349*) —SALE OF REAL ESTATE—INVALIDITY.

An order of the probate court, directing the sale of the homestead of a decedent, who left only a homestead occupied by his wife and unmarried daughter, and whose only debts were barred, is void, and will be set aside even in a collateral proceeding.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1446, 1449–1455; Dec. Dig. § 349.*]

3. JUDGMENT (§ 518*)—DIRECT OR COLLATERAL ATTACK.

Certiorari by the district court to revise proceedings in the county court, ordering a sale of real estate of a decedent dying leaving only his homestead, occupied by his wife and unmarried daughter, and approving claims against decedent's estate, though they were barred, is a direct attack on the orders; and the court may set aside a sale for irregularities rendering it voidable only.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 961, 962; Dec. Dig. § 518.*]

4. COURTS (§ 202*) — PROBATE COURT — CERTIORARI.

Under Sayles' Ann. Civ. St. 1897, art. 332, authorizing certiorari to review proceedings of the county court in the settlement of decedents' estates at any time within two years after such proceedings, the district court, on certiorari to review orders of the county court in the administration of a decedent's estate, has jurisdiction only to revise and correct such orders of the county court as were made within two years before the filing of the application for certiorari.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. § 202.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Certiorari by Mary Wade and another against J. W. Scott and others to vacate orders of the county court in the settlement of the estate of W. H. Scott, deceased. From a judgment granting insufficient relief, plaintiffs appeal. Reversed and remanded in part, and affirmed in part.

M. G. Cox, of Cameron, for appellants. Moore & Moore, U. S. Hearrell, and Henderson, Kidd & Gillis, all of Cameron, for appellees.

RICE, J. W. H. Scott, father of appellants, died in Milam county on the 10th of June, 1904, leaving a will, by which he bequeathed to each of his five children an undivided interest in and to all of his estate. At the time of his death, he owned no other property except a homestead in Cameron, esti-

---

mated to contain 25 acres, more or less, upon which he, his wife, Rachel Scott, and Delphya Scott, an unmarried daughter, lived at the time of his death, using it as a homestead. In October next thereafter, the probate court appointed his son, J. W. Scott, administrator of said estate with the will annexed. He qualified as such with Monta J. Moore, A. J. McCord, and W. T. Massengale as his sureties, and he thereafter filed an inventory, showing that the above-described property was the only property of said estate. In April, 1906, he made application to and obtained an order from the said probate court to sell said real estate; such application was not accompanied, however, by an exhibit attached, showing a schedule of the debts and the condition of said estate. Said administrator, on the same date, reported a sale of one acre of said land to William Stolz, and on the same day the court confirmed such sale, notwithstanding said report had not been filed five days before the date of said order of approval, as required by statute. He subsequently sold to A. S. Epperson 27.5 acres of said land, and .7 of an acre to S. D. Lewis. There was no report of such sales, nor order confirming or ratifying the same, until October and December, 1908; nor was there any order of the court allowing and approving any claims against said estate until October, 1908, at which time the court entered an order approving the following claims, to wit: Claim in favor of Hefley & Co. for $82; two claims in favor of Miss Delphya Scott, one in the sum of $580, and the other in the sum of $100; claim in favor of Dr. Thos. A. Pope for the sum of $18; and the claim of the administrator, J. W. Scott, for $1,400. Deeds were made by said administrator to said purchasers for the respective tracts of land above mentioned, in accordance with the orders of the court above indicated.

On the 18th of June, 1910, Mary Wade and Eliza Castlio, two of the children of said W. H. Scott, deceased, on proper application, obtained from the district court of said county a writ of certiorari against J. W. Scott individually and as administrator and said sureties on his bond, as well as against Mrs. Rachel Scott, Delphya Scott, and said Stolz, Epperson, Lewis, and Bowers, purchasers of said property, and against said Pope and Hefley & Co., to remove the proceedings had in the county court of Milam county in said estate to said district court, for the purpose of revising the same and having said orders approving said claims and ordering said sales of real estate, as well as all other decrees of said court approving, ratifying, or confirming reports of such sales to said purchasers, annulled and declared void, on the ground that all of the claims against said estate so approved by said probate court were barred by the statute of limitations at the time of such approval,

and that the land so sold was homestead, and not subject to sale for the payment of debts.

The case was tried before the court, without a jury, and judgment rendered, setting aside and annulling the order of the county court approving said claims, on the ground that the same were barred, but refusing and declining to set aside any of said orders in relation to said sales of real estate, upon which judgment error is assigned, and from which this appeal is prosecuted.

[1] It appeared from the undisputed evidence that at the time of the death of said W. H. Scott, deceased, he owned no other property except said homestead, upon which he, his wife, and Delphya Scott, an unmarried daughter, were living, using and occupying the same as a home; and that subsequent to his death his wife and daughter continued to live upon and use the same as their home. No debts, other than those above stated, were ever presented to and allowed by the administrator of said estate, and that they were in fact barred at the time they were so allowed. This being true, we hold that the title to said property, at the time of his death, passed to his said children under said will, freed from the claims of creditors, and was not subject to sale for the payment of the debts of said estate, if any. The law seems to be well settled in this state that property which remains and retains its homestead character after the death of the husband and wife, on account of the fact that constituent members of the family survive, who are entitled to its use, does not thereafter, upon their ceasing to occupy such relation, ever go back into the community estate for the payment of debts; but the title, eo instanti, upon the death of the deceased, vests in the heirs, freed from all claims of creditors attempting to subject it to forced sale. See Zwernemann v. Rosenberg, 76 Tex. 522; s. c., 13 S. W. 485; Scott v. Cunningham, 60 Tex. 566; Anderson v. McGee, 130 S. W. 1040; Dorman v. Grace, 57 Tex. Civ. App. 386, 122 S. W. 401; Ross v. Martin, 128 S. W. 718. And this seems to be true whether the estate is solvent or insolvent. See Hoefling v. Thulemeyer, 142 S. W. 102.

[2-4] We think where the undisputed evidence shows, as in the instant case, that the probate court had no jurisdiction to make the respective orders complained of, by reason of the fact that there were no debts authorizing such sale, and that the property sought to be sold was the homestead of the deceased, who left constituent members of the family at the time of his death, that such orders are void and should be set aside, even in a collateral proceeding. See Withers v. Patterson, 27 Tex. 495, 86 Am. Dec. 643; Marks v. Hill, 46 Tex. 345; Yarboro v. Brewster, 38 Tex. 397; McCloy v. Arnett, 47 Ark. 445, 2 S. W. 74. In the present case, however, this was a direct attack on such orders; and certainly there

can be no question but that such orders are void, for the reasons above stated, because in a direct proceeding a sale may be set aside for irregularities rendering it voidable only. See McNally v. Haynes, 59 Tex. 584. But since in certiorari proceedings the district court only has jurisdiction to revise and correct such orders and decrees of the county court made within two years before the filing of such application for certiorari, we are not authorized to hold that it was the duty of the court to set aside and annul any proceedings of the county court made prior thereto. See article 332, Rev. Civ. Stat.

Believing that the court erred in refusing to set aside all orders and proceedings in the county court had within two years prior to the filing of application for certiorari complained of, its judgment, refusing and declining so to do, is now reversed, and the cause remanded, with instructions to the district court to set aside and annul all of the proceedings had in the county court in said estate within two years prior to the filing of said certiorari proceedings in the district court, and to certify said judgment to the county court for observance. But since the court did not err in that part of its judgment annulling and setting aside the claims allowed by said county court, because the same were barred by the statute of limitations at the time they were so approved, this part of its judgment is, in all things, affirmed.

Reversed and remanded, with instructions in part, and in part affirmed.