## SOUTHWESTERN OIL & GAS CO. v. DENNY. (No. 8421.)

(Court of Civil Appeals of Texas. Ft. Worth June 24, 1916.)

APPEAL AND ERROR ☞773(2)—BRIEFS—FAILURE TO FILE—DISMISSAL.

Under rules 42 and 43 (142 S. W. xiv), providing that, if appellant has failed to prepare his case for submission, appellee may, before the call of the case, file in the appellate court a brief on which the court may affirm the judgment, upon failure of appellant to file brief and of appellee to file brief before submission of case, an appeal will be dismissed for want of prosecution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108; Dec. Dig. ☞773(2).]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Action by Charles Denny against the Southwestern Oil & Gas Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

W. S. Jameson, of Montague, for appellant. J. H. Harper, of Waurika, Okl., and H. C. Goodloe, of Ryan, Okl., for appellee.

BUCK, J. In this cause the appellant has filed no brief. On the day of, but subsequent to, the submission of the case, appellee filed his brief and motion, consisting only of a statement of the nature and result of the action, and calling our attention to the failure of the appellant to file briefs, and praying for an affirmance with 10 per cent. damages.

Rules 42 and 43 (142 S. W. xiv), for the government of Courts of Civil Appeals, provide, in effect, that if appellant has failed to prepare his case for submission, the appellee may, *before the call of the case* (italics ours) file in the appellate court a brief in the manner and form therein prescribed, and thereupon the court may, in its discretion, regard the statement by appellee as a correct presentation of the case and affirm the judgment. But, the appellee having failed to comply with the provisions of the rules as to the time of filing his brief, we are of the opinion that we cannot consider it as a sufficient *invocation* of our authority to affirm, either with or without damages. We think, under the circumstances, the proper disposition of the case is to dismiss the appeal for want of prosecution, and it is so ordered. Suderman-Dolson Company v. Carson et al., 122 S. W. 401.

Moreover, it may be noted with propriety that a motion to affirm with damages requires of an appellate court a careful examination of the record in order to determine whether or not the appeal was apparently for delay only. In the instant case, by reference to the record it appears that there were raised in appellant's motion for new trial, and preserved in bills of exceptions, some questions which would be rather serious if properly presented and here urged, or if we were required to consider them by virtue of appellee's motion to affirm with damages. But we do not think we are required to give such questions consideration, as presenting fundamental error, and have concluded that the dismissal of the appeal is the proper order.

Appeal dismissed.