**HENRY et al. v. BROWN. (No. 9476.)** *

(Court of Civil Appeals of Texas. Dallas.
Dec. 19, 1925. Rehearing Denied
Jan. 16, 1926.)

1. **Homestead** ⬅️142(1)—Lien of judgment held not to attach against homestead on its conveyance by widow to guardian of minor child.

The lien of a judgment against testator does not attach against his homestead on conveyance of homestead by widow to guardian of minor child, who uses property for homestead purposes in behalf of minor.

2. **Executors and administrators** ⬅️53—Homestead of insolvent estate does not pass under will, and is not charged with testator's debts.

Where estate is insolvent, the homestead does not pass under the will to the executor for administration, and is not charged with payment of debts, whether homestead passes to widow and children under law of descent and distribution or by devise.

3. **Homestead** ⬅️144—Lien of judgment does not attach to property when homestead rights of widow and children cease.

Lien of judgment obtained against testator does not attach to homestead, though homestead right of widow and children has ceased, and property has passed to absolute possession of devisee.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 17, 1926.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit for injunction by W. V. Brown, as guardian of the estate of Elial B. Glascock, against Mrs. Nannie D. Henry and others, trading under the firm name of R. P. Henry & Sons, and Dan Harston, as Sheriff. From a judgment perpetually enjoining defendants from selling certain property, they appeal. Affirmed.

Currie McCutcheon, of Dallas, for appellants.

Claude M. McCallum, of Dallas, for appellee.

JONES, C. J. This is an appeal from the district court of Dallas county by Mrs. Nannie D. Henry, P. W. Henry, R. P. Henry, Jr., J. K. Henry, F. L. Henry, and J. L. Henry, trading under the firm name of R. P. Henry & Sons, and Dan Harston, as sheriff of Dallas county, Tex., perpetually enjoining them from selling under execution certain described real estate located in the town of Lancaster, Dallas county, Tex. The material facts are as follows:

W. G. Glascock died testate July 16, 1920. At the time of his death he was living on the land, which was attempted to be sold through the means of the levy of the said execution, as his homestead, his family consisting of himself, his wife, Etta B. Glascock, and a minor son, Elial B. Glascock. The deceased had been twice married, and said minor son and two married daughters were children of the first marriage; there being no children of the second marriage. After his death, his said widow, together with the said minor, lived upon said land and continued to use same as their homestead. The will of the deceased was duly probated, and the parts of same which bear upon this appeal are: (1) A provision that all of testator's just debts be paid; (2) that the said land is given in fee to his said minor son, Elial B. Glascock, subject to the payment of any debts that might be a lien on other land owned by his said two daughters; (3) that the residue of the estate is given to said minor son; (4) that Byrd E. White is named as executor of the will without bond; and (5) that no action be had by any probate court other than the probating of the will and the return of an inventory of the property.

Byrd E. White qualified as independent executor of the estate, and soon thereafter, in such capacity, brought suit against the surviving widow and the minor son for possession of said land for the purpose of administering same under the terms of the will. A judgment in this suit was rendered in a district court of Dallas county, in which White, as said executor, was denied the relief prayed for, and in which one-eighth of said land was decreed in fee-simple title to said minor, and seven-eighths of said land was decreed to the surviving widow and minor for their use and occupancy during the minority of said minor and during the life of said widow, or so long as she should continue to use and occupy such property; title to the said seven-eighths being vested in said minor as same was devised in the said will.

At the time of his death the said W. G. Glascock owed to appellants an indebtedness evidenced by a promissory note in approximately the sum of $800. This note was unsecured, and did not represent any part of the purchase price of the said land. After the said White had qualified as independent executor of the estate of W. G. Glascock, appellants brought suit against him, in such capacity, and secured judgment for the amount of their note. This was a valid and existing judgment at the time the said execution was issued.

Appellee W. V. Brown was appointed guardian of the estate and person of Elial B. Glascock on January 19, 1921, and qualified as such, and was duly the qualified and acting guardian at the time this injunction suit was filed.

Etta B. Glascock, the said surviving widow, with the said minor, used and occupied said land as a homestead until early in the year 1924, when she married J. W. Mitchell, and, after said marriage, she ceased to so occupy said land, and, on the 8th day of March, 1924, she, joined by her husband, J. W. Mitchell, conveyed to W. V. Brown, as guardian, all her right, title, and interest in and to the said land, including a one-third life estate and her homestead interest. This conveyance was for the benefit of Elial B. Glascock, and, on September 25, 1924, W. V. Brown, individually, by warranty deed, conveyed said interest so purchased to W. V. Brown as guardian. Brown, as guardian, took immediate possession of the homestead interest and life interest of the said surviving widow for the use and benefit of said minor, and he is now in possession of said land, and was in possession of same prior to the filing of this suit, using same for the benefit of the said minor. At the time of the trial of this suit the said minor was 19 years of age.

[1, 2] Appellants' contention is that, upon the abandonment of the property by the surviving widow as a homestead, the land under the will became subject to the payment of their said judgment, and this contention is manifested by proper assignments of error and propositions of law. To this contention we cannot agree. The estate of the said W. G. Glascock was insolvent, and hence, under the law of this state, the homestead of the family did not pass under the will to the executor for administration, and was not charged with the payment of the debts of the testator other than those specially designated by law. This is true whether the property exempt as a homestead passed to his widow and children under the law of descent and distribution,

or whether it passed by devise to all or either of them. There was no lien in favor of appellants, the execution creditors, brought into existence against this property when W. G. Glascock died; for it was the homestead of the family. When the will was probated, the status of this property in this respect was not changed. When the will was probated, the title to the property vested in the minor, Elial Glascock, subject only to the homestead rights of the family. This homestead right would continue as long as the surviving widow should live, or until she should abandon the property for such purpose. When this abandonment occurred, the guardian of the minor child had the right to the use of this property for homestead purposes in behalf of the minor, and this use was being made of the property at the time the execution was levied and at the time this case was tried. Wade v. Scott (Tex. Civ. App.) 145 S. W. 676; Zwernemann, Guardian, et al. v. C. J. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Hall v. Fields, 81 Tex. 553, 17 S. W. 82; Dorman v. Grace et al., 57 Tex. Civ. App. 386, 122 S. W. 401; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Cameron v. Morris, 83 Tex. 14, 18 S. W. 422; Roots v. Robertson, 93 Tex. 365, 55 S. W. 308; Ward et al. v. Hinkle (Tex. Civ. App.) 252 S. W. 239; Slay v. Goss (Tex. Civ. App.) 233 S. W. 350; McAllister v. Godbold (Tex. Civ. App.) 29 S. W. 417.

[3] The authorities above cited also clearly announce the rule that, when the homestead right has ceased, and the property should pass to the absolute possession of Elial Glascock, no lien in favor of appellants would come into existence. It is our opinion, therefore, that the judgment of the lower court should be affirmed.

Affirmed.