**CLINE v. NIBLO et al.    (No. 751—4702.)***

(Commission of Appeals of Texas, Section B. March 23, 1927.)

**1. Tenancy in common ⇐⇒29(2)—Tenant in common is entitled to improvements, made in good faith, or to reimbursement therefor.**

Tenant in common has right reasonably to improve land and have improvements set apart

to him, or be reimbursed for expense in partition, if not made for purpose of embarrassing cotenants in assertion of their rights.

**2. Tenancy in common ⇐⇒29(2)—Award to tenant of improvements, made in good faith, is proper, in trespass to try title by cotenants (Rev. St. 1925, arts. 7394–7401).**

Tenant in common, making improvements on land in good faith, was correctly awarded them in trespass to try title by cotenants, though procedure prescribed by Rev. St. 1925, arts. 7394–7401, was not followed; such articles applying only to conflicting legal titles.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Trespass to try title by Victor Niblo and others against J. L. Cline, who filed a cross-action. The judgment rendered was affirmed in part, and in part reversed and remanded, with directions by the Court of Civil Appeals (286 S. W. 298), and defendant brings error. Reversed, and judgment of the District Court affirmed.

Burgess, Owsley, Storey & Stewart, of Dallas, for plaintiff in error.

W. L. Curtis and Lyle Saxon, both of Dallas, for defendants in error.

POWELL, P. J. The Court of Civil Appeals has admirably stated this case. See 286 S. W. 298. Inasmuch as we are in accord with the opinion of that court except in so far as it is attacked in the third assignment of error in the application, upon which the writ was granted, we shall not restate the case at any length. The third assignment, supra, reads as follows:

"The honorable Court of Civil Appeals erred in reversing the judgment in so far as the improvements are concerned, and in holding that articles 7394–7401 of R. S. 1925, apply to the case at bar."

The Court of Civil Appeals, upon this point, spoke as follows:

"The court correctly assumed that appellant had made improvements on the land in good faith. This appears from the fact that he did not know of the homestead claim and had no notice whatever that the orders and decrees of the county court authorizing the deed by the administratrix vesting title in him were void, but believed said orders to be valid, and, acting on such belief, made the improvements. The judgment of the court in respect thereto, however, cannot be sustained against the cross-assignment of error by appellees.

"Articles 7394 to 7401, inclusive, Revised Statutes 1925, prescribe the issues to be submitted to the jury in cases of this kind and the nature of the judgment to be entered. This procedure was not followed in any particular by the trial court, and there is no basis upon which this court can enter the correct judgment. That portion of the judgment in reference to the improvements will be reversed and remanded for another trial so as to adjust between the par-

---

ties the matter of improvements and rents in conformity to said statutory enactments."

In this connection, the undisputed facts in the case are stated in the application as follows:

"The appellee sued in trespass to try title for all of the lots and for the reasonable rental value of the premises, alleging the rents to be reasonably of the value of $100 per month.

"The deed from Ethel Niblo, as administratrix, and the judgment of the court below made Cline a cotenant of the appellees; the deed from Ethel Niblo to Cline passed at least her one-ninth interest in the property and made them tenants in common. The court of Civil Appeals finds that plaintiff in error made all of the improvements on the land in good faith."

[1] In a state of facts like the above, the law applicable has been well stated by our Supreme Court in the case of Whitmire v. Powell, 103 Tex. 236, 125 S. W. 890, as follows:

"We think, however, upon the subject of improvements upon the property, the plaintiff in error has a right to complain. It is not a question of improvements in good faith made by a defendant who has no right to the property, but it is a question of the right of one tenant in common to be compensated for proper improvements made upon the common property. There is a very obvious distinction between the two questions. (Thompson v. Jones, 77 Tex. 626 [14 S. W. 222].) If Whitmire had lost the land entirely as a result of this suit, then the decision of the Court of Civil Appeals is probably correct, because he made the improvements while a suit was pending for its recovery. But as a tenant in common of the tract he had a right reasonably to improve it and to be reimbursed for the expense in partition; provided, the improvements were not placed upon it for the purpose of embarrassing his cotenants in the assertion of their rights. A tenant in common who has improved the land not for the purpose of embarrassing his cotenants, is entitled to have them set apart to him, providing it can be done in justice to his cotenants; if this cannot be done, then he is entitled to compensation for them in the partition. Robinson v. McDonald, 11 Tex. 385 [62 Am. Dec. 480])."

[2] Both lower courts awarded a three-ninths interest in lots 1 and 2 to plaintiff in error. He was a tenant in common and made his improvements in good faith. Therefore they were correctly awarded to him by the district court. Counsel, in the application, very happily state the situation as follows:

"The law being that the cotenant has the right to make improvements upon the joint property, which improvements belong to the cotenant making them, and that upon partition of the land, the improvements thereon should be set aside to the one making the improvements, articles 7394–7401 have no application between cotenants, but apply only to conflicting legal titles. This is not a suit for partition. It is a suit for trespass to try title, and plaintiff in error having shown title to himself in the improvements, the judgment of the court below in awarding the improvements to him was correct, and the Court of Civil Appeals erred in reversing same. This places no burden upon defendants in error.

"The issue as to the value of the improvements and the amount which they increased the value of the land were not an issue in the court below which could be tried out; it now having been determined that plaintiff and defendants in error are cotenants in a partition suit, it will be necessary for the commissioners to set aside to plaintiff in error the property with the improvements, if they can be so set aside, or plaintiff in error will then have to show the value of the improvements and the value that they enhanced the property, but the title to the improvements was the only issue involved in this suit, and the judgment of the court below in awarding to plaintiff was correct. Articles 7394–7401 have no application to this case and can have no application thereto."

Except in the one respect just shown, the Court of Civil Appeals affirmed the judgment of the district court. We think it erred in so modifying the judgment of the trial court, and that its judgment should have been affirmed in all things.

For the reasons stated, we recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.