GREENE et al. v. CASS COUNTY STATE BANK. (No. 3549.)

Court of Civil Appeals of Texas. Texarkana. April 26, 1928.

1. Executors and administrators ⟷329(2)— Administrator's deed of homestead to bank to satisfy simple debt did not divest children of homestead rights where minor son had resided thereon (Const. art. 16, § 52).

Where children of deceased brought suit to cancel administrator's deed of deceased's homestead as constituting cloud upon title to land, and minor son, constituent member of family, who had resided on place, survived owner, *held* that, by virtue of Const. art. 16, § 52, homestead was expressly vested in heirs; hence no title was acquired by administrator's deed.

2. Executors and administrators ⟷329(2)— Probate order, directing sale of homestead for bank having simple debt against owner, held void, where minor son survived (Const. art. 16, § 52).

Order of probate court, directing sale of homestead of deceased for benefit of bank having simple debt against owner, was void and subject to collateral attack, where at time of owner's death minor son, constituent member of family, resided on homestead, by virtue of Const. art. 16, § 52, providing on death of owner homestead vests absolutely in heirs if constituent member of family survives, and is not assets in hands of administrator subject to payment of simple debts of decedent.

3. Homestead ⟷150(1)—Order setting apart homestead for use operates upon possession of land between heirs and is not essential to vesting title in them (Const. art. 16, § 52).

Order setting apart homestead for use operates merely upon possession of land as between heirs, and is not essential to vesting of title in them by virtue of express provisions of Const. art. 16, § 52.

4. Homestead ⟷150(1)—Absence of order setting apart homestead for use of heirs does not affect rights of heirs or exemption of homestead from simple debts (Const. art. 16, § 52).

Absence of order setting apart homestead for use of heirs does not affect rights of heirs or exemption of homestead from simple debts, under Const. art. 16, § 52, vesting homestead in heirs if constituent member of family survives.

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Homestead ⟨key⟩1—Exemption of homestead from ordinary debts is absolute (Const. art. 16, § 52).**

Exemption of homestead from ordinary debts by Const. art. 16, § 52, is absolute.

**6. Homestead ⟨key⟩143—Wife's interest in homestead held as community property was not liable for debts contracted by husband subsequent to her death.**

Creditor bank, purchasing homestead from administrator of deceased father, could in no wise acquire right of children therein existing because land was community property of parents, where mother predeceased father, since mother's interest could not be affected by debts father contracted subsequent to her death.

**7. Homestead ⟨key⟩177(1) — Debtor's children held not estopped to assert invalidity of administrator's sale of debtor's homestead to creditor bank by failure to object to probate proceedings.**

Where minor son resided on homestead with father at time when latter died, and homestead was sold by administrator to bank to which father was indebted, children were not estoppel to claim right in homestead by failure to object to probate proceedings in which land was sold, as position of bank was in no wise changed after purchase, especially since it would contravene public policy in respect to descent of homesteads to impute laches to minor.

**8. Homestead ⟨key⟩142(1), 145—Title children had in homestead vested on death of surviving parent and was not dependent upon their continuing to reside upon and actually use premises.**

Title of children in homestead vested absolutely at once upon death of father who survived mother, and it was not dependent upon their continuing to reside upon and actually use premises.

**9. Executors and administrators ⟨key⟩388(2)—Administrator's sale of property not belonging to debtor will not estop owner from asserting title.**

Administrator's sale of property not belonging to debtor will not estop owner from asserting his title.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Suit by Bob Greene and others against the Cass County State Bank. Cross-action by defendant. From the judgment, plaintiffs appeal. Reversed, and rendered in favor of plaintiffs.

The appellants, children of Riley Greene, deceased, brought the suit on January 27, 1927, to remove cloud upon the title to 89¾ acres of land. It was sought to declare void and to cancel a deed of record, which was executed of date October 19, 1925, by the administrator of the estate of Riley Greene, deceased, to the appellee bank, conveying the 89¾ acres of land. At the time of the death of Riley Greene, the 89¾ acres of land, being all that he owned, was used and occupied as his homestead, and Solomon Greene, a minor 14 years old, was living with his father, Riley Greene, as a constituent member of the family. The other children were of full age and had left the premises. Riley Greene owed the bank a debt, and the administration proceedings were had at the instance of the bank, and the land was sold under order of the probate court to pay the debt.

The bank answered, setting up the administration and the proceedings and the sale of the land, pleading title thereunder, and also basing estoppel thereon. The bank further, by cross-action, alleged dispossession of the premises by plaintiffs, and asked for a decree placing it in possession.

The court entered judgment in denial of cancellation of the administrator's deed and in favor of the bank for the title in fee simple to the land, but subject only to the right of the minor, Solomon Greene, to the occupancy and use of the premises as a homestead during the remainder of his infancy.

The case is submitted to this court upon the following agreed facts:

"(1) That Riley Greene, the father of all the plaintiffs, died on the 17th day of October, A. D. 1922, intestate, in Cass county, Tex., and that at the time of his death he was a widower; his wife having died several years prior to the death of Riley Greene.

"(2) That at the time of his death Riley Greene left surviving him the following heirs, all being his children: Bob Greene, Broxie Dodd, Solomon Greene, Catherine Greene, and Lucindy Williams. That all of said children were of age, and all except Solomon Greene had married and left the premises and place involved in this suit, and none had ever returned until after the death of Riley Greene. Solomon Greene was another child of Riley Greene, and a minor 14 years of age.

"(3) That at the time of the death of Riley Greene he was justly indebted to the defendant, Cass County State Bank, in the sum of $564.80, and that said indebtedness was due at the time of the death of Riley Greene.

"(4) That the 10th day of April, 1925, I. E. Lanier filed his petition in the probate court of Cass county, Tex., for appointment as administrator of said estate of Riley Greene, deceased, and he was thereafter appointed administrator of said estate, and on the 9th day of June, 1925, qualified as administrator; that on the 19th day of July, 1925, the defendant herein, Cass County State Bank, filed with the administrator its claim as above mentioned, which claim was passed upon and allowed by the probate court of Cass county. That thereafter application was made to sell the land involved in this suit, and, after due notice and after complying with the law governing such sales, the land was sold to the defendant, by the administrator, and that the defendant now holds a deed to said land, which has been duly recorded in the deed records of Cass county, Tex. That the price paid therefor was ———.

"(5) And it is hereby agreed that all the pro-

ceedings relating to the appointment of the administrator, his qualification, and all his acts were regular, and that all the proceedings relating to the sale of said land were regular, and that everything necessary to make said sale legal in every way was complied with, and said deed is not sought to be set aside for any irregularity in such proceedings, but on the ground as set up in the plaintiffs' petition.

"(6) That, at the time of the death of Riley Greene, Solomon Greene was a minor boy about 14 years of age, residing with his father upon the land sued for, which land was the community property of Riley Greene and his wife, the parents of Solomon Greene, and upon which they were residing as their homestead at the time of their death.

"(7) That in a short time after the death of Riley Greene Solomon Greene left the land and premises herein sued for and did not live upon the same regularly until after the land had been sold by the administrator and purchased by the defendant in this cause, but claimed it as his homestead and kept his belongings there. That during the time of the administration of said estate and of the sale of the land, the plaintiffs had notice of all the proceedings, and none made any manner of claim for any of said property and made no application that any of said property should be set aside to the minor, Solomon Greene, or that any of the same was exempt as a homestead.

"(8) It is further agreed that Solomon Greene has never had any guardian appointed by the probate court of Cass county or by any other court, and that at the time of the filing of this suit said minor had no guardian, and suit was filed as next friend. That, at the time of the pendency of this matter in the probate court of Cass county, no request or application was ever made for the appointment of a guardian for said minor, and that during all the proceedings in the probate court, and in the district court said minor, Solomon Greene, has never had a guardian. That at the time of the trial of this cause the plaintiff Solomon Greene was 18 years of age.

"(9) That the 89½ acres of land here in controversy was all the land owned by Riley Greene and was his homestead, and said minor, Solomon Greene, was living with his father on said land at the time of the death of said Riley Greene."

O'Neal & Harvey, of Atlanta, for appellants.

Bartlett & Newland and C. C. Hines, all of Linden, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellants urge that they were legally entitled to the relief of cancellation of the administrator's deed, as constituting a cloud upon the title to the land, because it was conclusively proven that, at the death of their father, Riley Greene, the land was his homestead in fact, and a minor son, a constituent member of the family, survived the owner of the homestead, and the debt for which the land was sold to pay was a simple debt of the decedent's. Such recited facts appear agreed to by the parties. It is the established rule in this state that, in virtue of the

Constitution and laws, the homestead on the death of the owner descends and vests absolutely in the heirs if a constituent member of the family survives, and is not assets in the hands of the administrator subject to the payment of the simple debts of the decedent. Section 52, art. 16, Constitution; Cameron v. Morris, 83 Tex. 14, 18 S. W. 422; Zwernemann v. Von Rosenburg, 76 Tex. 522, 13 S. W. 485; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Lacy v. Lockett, 82 Tex. 190, 17 S. W. 916; Roots v. Robertson, 93 Tex. 365, 55 S. W. 308; Allen v. Ramey (Tex. Civ. App.) 226 S. W. 489; Cline v. Niblo (Tex. Civ. App.) 286 S. W. 298; Id. (Tex. Com. App.) 292 S. W. 178; and other cases. The law being as thus stated, the appellants may not legally be denied the relief sought unless grounds further and independently exist as a legal or equitable reason therefor.

[2-6] It is asserted that there was no probate order setting apart the homestead for the use of the minor, and that the probate proceedings being regular and in form, vesting the land in appellee, the same may not be attacked collaterally. The order setting apart the homestead for use operates merely upon possession of the land, as between the heirs. The actual setting apart of the homestead in fact by the probate court is not essential to the vesting of the title thereto in the heirs. Bonding Co. v. Logan, 106 Tex. 306, 166 S. W. 1132; Id. (Tex. Civ. App.) 167 S. W. 771; Griffie v. Maxey, 58 Tex. 210; Scott v. Cunningham, 60 Tex. 566. The absence of such order does not affect the exemption of the homestead from the simple debts or the rights of those owning it. Simms v. Dixon (Tex. Civ. App.) 65 S. W. 36. The exemption of the homestead from ordinary debts is absolute. Dorman v. Grace, 57 Tex. Civ. App. 386, 122 S. W. 401. The land, as shown, being homestead in fact, it did not become a rightful subject-matter of administration. The debt owing by the decedent as admitted was an ordinary and simple debt, and not a lien upon the property. The administration was at the instance, and its object was the special benefit, of appellee, in order to have sale of the land to pay an ordinary and simple debt owing by the decedent. No other ground was urged for the administration. Therefore the order of the probate court directing the sale of the land was void for lack of power to make it, and the sale could be attacked collaterally. Allen v. Ramey (Tex. Civ. App.) 226 S. W. 489; Cline v. Niblo (Tex. Civ. App.) 286 S. W. 298. Appellee could not acquire any title under a legally void sale by the administrator. It may be observed in this connection, although the fact seems not to have been brought to the attention of the trial court, that the land was the community property of Riley Greene and his wife, who died before Riley Greene died. Her interest was in no wise li-

able for the subsequently contracted debt of Riley Greene.

[7-9] It is next urged that the judgment is supported and cancellation of the deed was properly denied upon the ground of estoppel arising from the conduct of the appellants. This point seems to have been stressed before the trial court as controlling the case. As the facts appear in the present record, however, it is believed that laches amounting to an estoppel may not be imputed to appellants in bar of the relief sought. While the minor, Solomon Greene, removed from the premises shortly after the death of his father, yet, as admitted, "he claimed it (the premises) as his homestead and kept his belongings there." The title appellants had in the premises vested absolutely at once upon the death of their father, and was in no wise dependent upon their continuing to reside upon and actually use the premises. So far as appears, appellants did no positive acts, nor made any representations respecting the probate proceedings, inducing the sale of the land to appellee. It is merely shown as follows:

"That at the time of the administration of the said estate and of the sale of the land the plaintiffs had notice of all the proceedings, and none of them made any manner of claim for any of said property, and made no application that any of said property should be set aside to the minor, Solomon Greene, or that any of same was exempt as a homestead."

It cannot be said that the heirs undertook to have the debt of their father paid that way. The mere failure to object to the proceedings could not be construed as having that effect, or as ratifying the sale of the land for that purpose. The position of appellee in nowise changed before or after the purchase. It merely bought the land for its debt. Quoting from Paul v. Willis, 69 Tex. 261, 7 S. W. 357:

"A void judgment cannot bind any one, and it is well settled [that] it may be collaterally attacked. Lapse of time cannot aid it or give it any force as a judgment. These administrations being nullities, the heirs of Byrne forfeited no right by failing to set it aside or by delay in suing for the land."

As well established, an administrator's sale of property not belonging to the debtor will not estop the owner from asserting his title. And especially under the circumstances of the instant case it would contravene the policy of the law, in respect to the descent of the homestead, to impute laches to the minor son.

The judgment is reversed, and judgment is here entered in favor of appellants in cancellation of the administrator's deed, as prayed for. The costs of the appeal and of the trial court will be taxed against the appellee.